FILED
JUN 16 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 09-191 HE |
| ) | |
| -vs- ) | |
| ) | Violations: 18 U.S.C. § 1343 |
| DAVID GROSE, ) | 18 U.S.C. § 2 |
| ) | 18 U.S.C. § 981 |
| Defendant. ) | 28 U.S.C. § 2461 |

## INDICTMENT

The Federal Grand Jury charges:

### Introduction

At all times relevant to this Indictment:

1. Quest Energy Partners, L.P. ("Quest"), a Delaware limited partnership headquartered in Oklahoma City, Oklahoma, was in the oil and gas exploration and production business. Quest's shares were publicly traded on the NASDAQ Global Market System.

2. **DAVID GROSE** worked as Quest's Chief Financial Officer. His responsibilities included supervising Quest's financial accounting and books, coordinating quarterly reviews and annual audits by outside auditors, certifying the accuracy of reports filed with the U.S. Securities & Exchange Commission, and ensuring that all employees complied with Quest's internal ethics policies.

3. Reliable Pipe & Equipment, LLC ("Reliable") was a supplier of pipe to

Quest.

4. Oklahoma Hydrogen Gas Technologies, LLC ("Oklahoma Hydrogen") was an Oklahoma limited liability corporation formed in 2008 to engage in the business of retrofitting vehicles to run on hydrogen fuel. It was headquartered in Oklahoma City, Oklahoma.

## COUNTS 1, 2, & 3
(Wire Fraud)

5. The grand jury incorporates by reference paragraphs 1 through 4.

### The Scheme to Defraud

6. In the summer of 2008, **GROSE** knowingly devised, intended to devise, and executed a scheme and artifice to defraud materially and to obtain money by means of materially false pretenses, representations, and promises.

7. Specifically, in the summer of 2008, **GROSE** decided to make a $1 million personal investment in Oklahoma Hydrogen. At the time, **GROSE** told Oklahoma Hydrogen that the investment would be funded with his personal money.

8. **GROSE** devised a scheme to pay for the Oklahoma Hydrogen investment by fraudulently taking money from Quest. Specifically, **GROSE** planned to wire money out of Quest under the pretext of paying for an order of pipe from Reliable. Once the money was wired to Reliable, **GROSE** planned to cancel the order and instruct Reliable to wire the money to a bank account controlled by Oklahoma Hydrogen rather than returning it to Quest.

9. On or about July 1, 2008, **GROSE** wired approximately $1 million from

one of Quest's bank accounts to a bank account held by Reliable. Within minutes, **GROSE** contacted Reliable to cancel the pipe order. Instead of asking Reliable to return the money to Quest, **GROSE** instructed Reliable to wire the money to a bank account held by Oklahoma Hydrogen.

10. Shortly thereafter, acting at **GROSE**'s direction, Reliable wired the $1 million into Oklahoma Hydrogen's bank account.

11. **GROSE** attempted to conceal his actions by causing the $1 million to be documented on Quest's financial records as payment to Reliable for pipe. **GROSE** did not inform Quest's accounting department that he had cancelled the pipe order or that he had instructed Reliable to wire the money to Oklahoma Hydrogen.

12. **GROSE** also did not inform the Quest Board of Directors of his actions or secure the Board's approval for those actions.

13. As a result of **GROSE**'s actions related to this scheme, Quest lost $1 million.

### Interstate Wire Transfers In Furtherance of the Scheme

14. On or about July 1, 2008, in the Western District of Oklahoma and elsewhere,

---------------------------------------- **DAVID GROSE,** ----------------------------------------

knowingly, and with intent to defraud and to obtain money or property by means of false pretenses, representations or promises, transmitted and caused to be transmitted signals by means of wire communications in interstate and foreign commerce. He did so having

devised a scheme and artifice to defraud materially and for the purpose of executing a scheme and artifice to obtain money by means of materially false and fraudulent pretenses, representations, and promises. Specifically, **GROSE** transmitted and caused to be transmitted the following:

> **COUNT 1** a wire, which was processed outside the state of Oklahoma, transferring approximately $1 million from a Quest bank account at JPMorgan Chase to a bank account controlled by Reliable at Coppermark Bank;
>
> **COUNT 2** an email from **GROSE**'s Oklahoma City-based email account to a Texas-based employee of Reliable, explaining that the pipe order had been cancelled and instructing the employee to wire the $1 million to a bank account controlled by Oklahoma Hydrogen.
>
> **COUNT 3** a wire, which was processed outside the state of Oklahoma, transferring approximately $1 million from a bank account controlled by Reliable at Coppermark Bank to a bank account controlled by Oklahoma Hydrogen at the First National Bank of Midwest City.

**All in violation of 18 U.S.C. §§ 1343 and 2.**

## FORFEITURE ALLEGATIONS

15. Upon conviction of any of the offenses alleged in Counts 1 through 3 of this Indictment, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds traceable to said offenses, including, but not limited to, a sum of money equal to $1,000,000.00, representing the amount of cash proceeds obtained as a result of the offenses.

16. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c),

defendant shall forfeit substitute property, up to the value of the amount described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

**All in accordance 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).**

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

JOHN C. RICHTER
United States Attorney

JEB BOATMAN
Assistant U.S. Attorney

SANFORD C. COATS
Assistant U.S. Attorney